IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **NEW BELGIUM BREWING CO., INC.** | § | |
| | § | |
| VS. | § | NO. A-15-CV-452 LY |
| | § | |
| **TRAVIS COUNTY BREWING CO. LLC** | § | |

## ORDER

Before the Court are Defendant Travis County Brewing Co., Inc. ("Oasis")'s Opposed Motion to Compel Responses to First Discovery Requests (Dkt. No. 22), and Plaintiff New Belgium Brewing Co., Inc. ("New Belgium")'s Response (Dkt. No. 29). The District Court referred the above discovery motion to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, as amended.

### I. Background

This is a dispute between two brewers regarding use of the tradename "Slow Ride" for session IPA. Each seeks a declaratory judgment concerning their rights to the name. Oasis is a craft brewpub located near Austin, Texas, with distribution in the surrounding area. New Belgium has grown from a small craft brewery in Fort Collins, Colorado to become one of the biggest players in the craft beer movement. Each produces and markets an Indian pale ale called "Slow Ride." Each has also used the mark in marketing materials. The parties are now engaged in discovery, which has been contentious, leading Oasis to file the instant motion to compel. New Belgium responded, supplementing its responses to some of Oasis's discovery requests. The Court conducted a hearing on the motion on December 17, 2015. At the hearing, Oasis agreed that some of New Belgium's supplemental responses were sufficiently responsive to resolve particular aspects of the motion to

compel, but that some disputes remained.  The Court heard argument on those disputes, and now enters the following order on those issues.

## II.  Analysis

A.    **Interrogatory No.  4**

By its fourth interrogatory, Oasis seeks information about the circumstances under which New Belgium first became aware of Oasis's use of the "Slow Ride" mark, including the date and manner in which New Belgium became aware, and the persons involved. Dkt. No. 29-1 at 8-9.  In its initial response, New Belgium included several boilerplate objections, including grounds of vagueness, ambiguity, and various privileges.  Nonetheless, it provided the date on which New Belgium first became aware of Oasis's use of "Slow Ride" and the person involved, Joe Davis, an in-house attorney for New Belgium.  *Id*.  at 9.  After Oasis filed its motion, New Belgium supplemented its response to state that Mr.  Davis discovered the use when he "performed a review for potential parties that may oppose" New Belgium's trademark application.  *Id*.  At the December 17 hearing, Oasis objected to this response, arguing that it did not fully comply with its request to describe the "manner" in which New Belgium became aware of Oasis's use of the mark.  The Court agrees and hereby **ORDERS** New Belgium to specify the manner in which Mr.  Davis first learned of Oasis's use of the "Slow Ride" mark.

B.    **Interrogatory No.  5**

Oasis's fifth interrogatory seeks the names of "all persons with knowledge of relevant facts," including "the subject matter(s) about which such person is knowledgeable." *Id*. at 10.  Once again, New Belgium included several boilerplate objections.  *Id*.  It also objected on the grounds that this interrogatory was "vague and ambiguous." *Id*.  New Belgium then reserved "the right to amend or

supplement this response as it becomes aware of additional information responsive to this interrogatory." *Id*. The interrogatory is neither vague or ambiguous. Accordingly, the Court hereby **STRIKES** New Belgium's objections.[1] In response to the interrogatory, New Belgium provided the name of one person with knowledge: Kim Jordan, the co-founder and executive chair of New Belgium. *Id*. In its supplement, New Belgium added four additional names: Joe Davis, Melyssa Mead, Josh Homlstrom, and Michael Corrigan. *Id.* at 10-11. However, at the December 17 hearing, counsel for Oasis produced a letter, obtained through discovery, that showed that at least one additional person, Joe Menetre, very likely has knowledge of relevant facts. Thus, it is clear that New Belgium has not been fully responsive to Oasis's interrogatory. Accordingly, the Court hereby **ORDERS** New Belgium to supplement its response to Oasis's fifth interrogatory to ensure that the names of all people New Belgium believes have knowledge of facts relevant to this dispute have been identified.

**C.     Requests for Production Generally**

New Belgium has made nine general objections to Oasis's requests for production, and specific objections to several particular requests for production. Many if not all of the general objections object "to the extent" that, for example, a request is inconsistent with the rules of discovery, or seeks to discover information not calculated to lead to admissible evidence. None of the objections are specific to a particular request, nor do they identify a particular request that demands something, for example, that is inconsistent with the rules of discovery. Further, in each

---

[1] Moreover, the local rules of this Court explicitly provide that an interrogatory in substantially the form of Interrogatory 5 is "approved," and that "[t]he court will not consider objections to [approved] interrogatories, except upon a showing of exceptional circumstances." Local Rule CV33(b)(1).

of its responses in which New Belgium appears to indicate it will produce documents, it does so by stating that "subject to and without waiving its remaining general and specific objections, [New Belgium] will produce relevant, non-privileged documents responsive to this request in its possession, custody, or control to the extent that they exist." These responses do not comport with FED. R. CIV. P. 34(c), which requires, among other things, that an objection must "state with specificity the grounds for objecting to the request," and also "state whether any responsive materials are being withheld on the basis of that objection." In short, the objections are the very sort of "boilerplate" objections that the newly revised Rule 34 intends to eliminate. New Belgium has left Oasis in the dark as to whether there are responsive materials being withheld on the basis of particular objections, and even whether there are responsive documents that will be produced on some requests. Accordingly, the Court hereby **STRIKES** New Belgium's general objections and **ORDERS** it to state any objections it has in accordance with Rule 34 as amended effective December 1, 2015.

**D.     Requests for Production 3-5**

In Requests for Production 3-5, Oasis seeks information regarding New Belgium's sales and distribution of beer and other items under the "Slow Ride" mark. The Court agrees with New Belgium that these requests seek information that would be largely irrelevant, as New Belgium has not pled a claim for damages. However, New Belgium *has* pled that it has suffered "material harm" including "great expense and loss of income" in the Texas market. Dkt. No. 1 at 6. Accordingly, New Belgium is **ORDERED** to produce any documents it has that support the allegations of ¶ 17 of its complaint. Otherwise, the Court **DENIES** the motion to compel as to these document requests.

**E.     Requests for Production 6, 8, and 17**

New Belgium has agreed to produce documents responsive to Requests for Production 6, 8, and 17. However, in order to comply with the new version of Rule 34 (b)(2)(A), it must supplement its responses to state a specific time by which it will produce such documents, and that time must be "reasonable."

**F.     Request for Production 11**

Oasis's eleventh request for production seeks "all documents concerning any lost sales of New Belgium's Slow Ride Beer, or lost distribution agreements of New Belgium's Slow Ride Beer" because of Oasis. Dkt. No. 29-2 at 12. New Belgium stated at the hearing that it is making no claim in this case seeking damages for lost sales or lost distribution agreements, and thus this request seeks information that is irrelevant to this dispute. The Court agrees, and **DENIES** Oasis's Motion to Compel a response to Request for Production 11.

**G.     Request for Production 13**

Oasis's thirteenth request for production seeks "all documents concerning consumer or distributor confusion regarding the origin of beer sold under the New Belgium Slow Ride Mark, or the [Oasis] Slow Ride Mark, including potential or prospective confusion." Dkt. No. 29-2 at 14. In addition to its general objections, New Belgium objects that the request is vague and ambiguous, as the term "confusion" is undefined. *Id.* The Court **STRIKES** this objection—in the context of a trademark action, the term "confusion" is neither vague nor ambiguous and has a meaning well known to counsel of both parties. Second, New Belgium objects that the request is not relevant to any claim or defense of any party. This objection is **OVERRULED**, and the Court **ORDERS** New Belgium to produce any documents in its possession responsive to this request.

### III.  Order

Based upon the foregoing, Defendant Travis County Brewing Co., Inc.'s Opposed Motion to Compel Responses to First Discovery Requests (Dkt. No. 22) is **GRANTED IN PART** and **DENIED IN PART** as set forth above.  Any relief requested by Oasis that has not been expressly granted herein is **DENIED**.

Further, as discussed on the record, the Court directs counsel that they are to conduct themselves civilly and in accordance with the Texas Disciplinary Rules of Professional Conduct, as well as the Texas Lawyer's Creed.  The lawyers in this case are experienced litigators, and the Court will hold them to high professional standards. Further, the Court encourages the attorneys to go further than these requirements, and to treat each other professionally, making every attempt to resolve disputes without the court's intervention when possible.

**FINALLY**, with the goal of simplifying the resolution of discovery disputes, the parties are hereby **PROHIBITED** from filing any further motions concerning discovery without prior approval from the Court.  Instead, should additional discovery issues arise, the parties shall contact the Court's law clerk in this matter at (512) 916-5744, and the Court will assist the parties to see if the dispute can be resolved without the filing of a motion.  If a motion is required after this step, then the Court will permit it.

SIGNED this 18th day of December, 2015.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE